IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Dexter Sentell Tucker, | ) | Case No. 8:12-cv-03335-DCN-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden Cecilia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment.
[Doc. 22.]  Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28
U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule
73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for
relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on November 19, 2012.[1]  [Doc.
1.]  On May 3, 2013, Respondent filed a motion for summary judgment and a return and
memorandum.  [Docs. 22, 23.]  On May 6, 2013, the Court filed an Order pursuant to
*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary
judgment procedure and of the possible consequences if he failed to adequately respond
to the motion.  [Doc. 24.]  On June 11, 2013, Petitioner filed a response in opposition to
Respondent's motion. [Doc. 27.] Having carefully considered the parties' submissions and

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for
forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  In this case, construing the filing
date in the light most favorable to Petitioner, this action was filed on November 19, 2012.  [Doc. 1-2 (envelope
marked as received by prison mailroom on November 19, 2012).]

the record in this case, the Court recommends that Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Petitioner is presently confined at the Kershaw Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Spartanburg County Clerk of Court. [Doc. 1 at 1.] In August 2007, Petitioner was indicted for possession with intent to distribute crack cocaine - 3rd and above. [App. 121–22.[2]] On February 27, 2008, represented by Robert Butcher ("Butcher"), Petitioner pled guilty to the lesser offense of possession with intent to distribute second offense and received a sentence of eleven years imprisonment. [App. 1–22.]

**Direct Appeal**

Petitioner timely filed a notice of appeal. On November 25, 2008, Wanda H. Carter of the South Carolina Commission on Indigent Defense filed an *Anders* brief[3] on Petitioner's behalf, as well as a petition to be relieved as counsel. [Doc. 23-2.] The brief raised the following claim:

> The lower court erred in not sentencing appellant below
> the state's recommended eleven-year cap in the case.

[*Id.* at 4.] Petitioner was informed of his right to file a pro se brief [Doc. 23-3]; however, on April 3, 2009, Petitioner, through counsel, elected to "drop his appeal" [Doc. 23-4]. On May

---

[2]The Appendix can be found at Docket Entry Number 23-1.

[3]A brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), effectively concedes the appeal lacks a meritorious claim.

22, 2009, the South Carolina Court of Appeals dismissed the appeal and issued the remittitur. [Doc. 23-5.]

**PCR Proceedings**

### *First PCR Application*

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on June 10, 2008.[4] [Doc. 23-6.] Petitioner raised the following grounds for relief, quoted substantially verbatim:

(a) Guilty plea not knowingly, voluntarily or intelligently,

(b) Trial counsel ineffective,

(c) Fourth Amendment violation.

[*Id.* at 3.] In support of his grounds for relief, Petitioner provided the following facts, quoted substantially verbatim:

(a) Never advised nature and crucial element of offense;

(b) Mandatory minimum, maximum, suppression.

(c) See memorandum of law,[5] reserve amend right

[*Id.* (footnote added).] The State filed a return on March 5, 2009. [Doc. 23-7.]

---

[4]The first PCR Application was filed before the direct appeal was dismissed, and Plaintiff noted he had a direct appeal pending but would dismiss the direct appeal to pursue the PCR Application. [Doc. 23-6 at 2.]

[5]The record before this Court does not include a memorandum of law accompanying Petitioner's first PCR Application.

A hearing was held on the PCR application on April 3, 2009, and Petitioner was represented at the hearing by Jeremy A. Thompson ("Thompson").[6]  [*See* Doc. 23-8.] At the hearing, the State moved to dismiss the application without prejudice because it was filed while Petitioner had a pending direct appeal.  [*See id.*]  On May 14, 2009, the PCR court filed an order granting Respondent's motion and denying and dismissing the application without prejudice.  [*Id.*]  Additionally, the PCR court appointed Thompson to represent Petitioner when he filed a new application.  [*Id.*]

### *Second PCR Application*

Petitioner, represented by Thompson, filed a second PCR application on April 23, 2009.  [App. 23–28.]  Petitioner stated the following as his grounds for relief, quoted substantially verbatim:

> (a)  Guilty Plea not knowingly, voluntarily, or intelligently
>
> (b)  Trial Counsel ineffective
>
> (c)  Fourth Amendment Violation

[App. 25.]  In support of his grounds for relief, Petitioner provided the following facts, quoted substantially verbatim:

> (a)  Never advised nature and crucial element of offense;
>
> (b)  Mandatory minimum, maximum, suppression.

---

[6]The record before this Court does not include a transcript from the April 3, 2009 hearing. Respondent asserts that it appears a transcript was not ordered because the action was not appealed but that a transcript would not be necessary or relevant to this case because the fact of the prior dismissal was not contested and did not affect Petitioner's grounds or available state remedies.  [Doc. 23 at 3–4 n.2.]

4

(c)  See memorandum of law,[7] reserve amend right

[*Id.* (footnote added).]  The State filed a return on July 2, 2009.  [App. 29–35.]

On April 13, 2010, a hearing was held on Petitioner's second PCR application, at which Petitioner was represented by Thompson.  [App. 36–87.]  At the conclusion of the hearing, the PCR court found that counsel "deviate[d] from acceptable standards of care and representation and professional performance and did not explain the details of the Motion" but that Petitioner "was not prejudiced by that."  [App. 86.]  Following the hearing, the PCR court issued an order denying and dismissing the application with prejudice.  [App. 109–20.]

Petitioner, represented by Lanelle Cantey Durant of the South Carolina Commission on Indigent Defense, filed a petition for writ of certiorari in the South Carolina Supreme Court on May 9, 2011, raising the following issue:

> Did the PCR court err in failing to find plea counsel ineffective for not insuring that petitioner's guilty plea was knowingly, voluntarily and intelligently entered into?

[Doc. 23-9 at 2.]  The State filed a return on May 23, 2011.  [Doc. 23-10.]  The Supreme Court denied the petition on March 9, 2012 [Doc. 23-11] and issued remittitur on March 27, 2012 [Doc. 23-12].

---

[7]The record before this Court does not include a memorandum of law accompanying Petitioner's second PCR Application.  The PCR court order indicates Respondent has never received a copy of this memorandum.  [App. 112.]

5

**Petition for Writ of Habeas Corpus**

As stated, Petitioner filed this Petition for writ of habeas corpus on November 19, 2012 pursuant to 28 U.S.C. § 2254. [Doc. 1.] Petitioner asserts the following grounds for relief, quoted substantially verbatim:

> **Ground One**:    Received Ineffective Assistance of Counsel in violation of his sixth and fourteenth amendments to the United States Constitution.
>
> *Supporting Facts:*    Trial Counsel failed to show petitioner exculpatory documents from his case file and to move for suppression of evidence at trial. Petitioner would not have entered guilty plea if Trial Counsel had to informed him of Motion to Suppress evidence.

[Doc. 1 at 5.]

Respondent filed a motion for summary judgment on May 3, 2013. [Doc. 22.] On June 11, 2013, Petitioner filed a response in opposition to the motion. [Doc. 27.] Accordingly, Respondent's motion is now ripe for review.

## **APPLICABLE LAW**

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court

6

can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must

7

demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

    *Generally*

    Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state court remedies and provides as follows:

> (b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>         (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>         (B)    (i) there is an absence of available State corrective process; or
>
>                (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>         (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the

> applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment. S.C. R. Civ. P. 59(e). Failure to do so will result in the application of a procedural bar to that claim by the South Carolina Supreme Court. *Marlar v. State*, 653

11

S.E.2d 266 (S.C. 2007).[8]  Further, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal must be filed and served on all respondents within ten days after the sentence is imposed or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R. 203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45(A).

If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim.[9]

---

[8]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

[9]In *State v. McKennedy*, the South Carolina Supreme Court reiterated that a petition for discretionary review to the South Carolina Supreme Court in criminal and post-conviction cases is outside South Carolina's standard review process, and therefore, "petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies."  559 S.E.2d 850, 854 (S.C. 2002) (citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

*Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3) & 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995). As the United States Supreme Court explained:

> [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and

> while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Sykes*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure or where a "fundamental miscarriage of justice" has occurred. *Coleman*, 501 U.S. at 750; *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*,

15

523 U.S. 614, 623 (1998).  To pass through this actual innocence standard, the petitioner's case must be truly extraordinary.  *Carrier*, 477 U.S. at 496.

## DISCUSSION

Respondent argues Petitioner is not entitled to habeas relief on his ineffective assistance of counsel claim because the PCR court applied the relevant federal law to facts well supported by the record when it found that although plea counsel Butcher should have discussed the motion to suppress with Petitioner, the failure to do so was not prejudicial.  [Doc. 23 at 10.]  Petitioner appears to argue for the first time that Butcher was ineffective for failing to explain to Petitioner that he could have moved to suppress the drugs because the officer lacked reasonable suspicion to search Petitioner, who was a passenger in the stopped car.[10]  [Doc. 27 at 3–4.]  Additionally, Petitioner argues that the PCR court's finding is not entitled to deference because claims of ineffective assistance of counsel are mixed questions of law and fact.  [*Id.* at 4–5.]  The Court agrees with Respondent.

------

[10]At the PCR hearing and in the PCR court's order, the issue was addressed as ineffective assistance of counsel for failing to review with Petitioner a drafted motion to suppress the drugs because the stop was illegal in that the car was allegedly pulled over for having an inoperative tag light but, according to Butcher's argument in the motion to suppress, the tag light did not have to be activated because it was not raining nor was it dusk.  [App. 113–20.]  Accordingly, Butcher was prepared to argue that the stop was illegal but failed to review the details of the motion to suppress on that basis with Petitioner.  Now, Petitioner appears to argue that there is an "easier" argument that even if the stop was lawful, the officer lacked reasonable suspicion to search Petitioner, who was a passenger in the car.  [Doc. 27 at 3–4.]  To the extent Petitioner attempts to raise his ineffective assistance of counsel claim as one based on failure to explain lack of reasonable suspicion to search Petitioner, such claim would be procedurally barred because it was not addressed in the PCR court's order of dismissal [App. 109–20] and was not raised to the South Carolina Supreme Court in the petition for writ of certiorari, where the issue was again presented as one where the motion to suppress was based on the stop being unlawful and not on whether the officer had reasonable suspicion to search Petitioner as the passenger in the car [Doc. 23-9.]  *See Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991) (holding that if a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court).  Additionally, Petitioner has failed to assert cause for failure to raise the claim and actual prejudice resulting from the failure or that a "fundamental miscarriage of justice" has occurred to excuse the default.  *See Coleman*, 501 U.S. at 750; *Carrier*, 477 U.S. at 495–96.

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, *id.* § 2254(d)(2). The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief. *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning."). The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id.* at 405–06. On the other hand, a state court decision is an unreasonable application of Supreme Court precedent when the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407–08; *see also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court. . . . It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."). Finally, a decision cannot be contrary to

or an unreasonable application of Supreme Court precedent unless applicable Supreme Court precedent exists; without applicable Supreme Court precedent, there is no habeas relief for petitioners. *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir.2006); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir.2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

When evaluating a habeas petition based on a claim of ineffective assistance of counsel, assuming the state court applied the correct legal standard—the Supreme Court's holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard."[11] *Richter*, 131 S. Ct. at 785. "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.*; *see also Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial review of counsel's performance is "doubly deferential when it is conducted through the lens of federal habeas"). Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

---

[11] In *Strickland*, the Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. 466 U.S. at 687. To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 692. In the specific context of a guilty plea, to satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's errors, [the prisoner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

correctness of the state court's decision." *Richter*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, the PCR court held an evidentiary hearing, made findings as to the credibility of the witnesses, and outlined a factual basis for declining to find trial counsel's representation fell below the *Strickland*, *Hill v. Lockhart*, 474 U.S. 52 (1985) (stating standard for ineffective assistance of plea counsel), and applicable state law standards. [App. 36–87 (evidentiary hearing), App. 109–20 (PCR court's order of dismissal).] The PCR court made the following findings as to the specific claim Petitioner raises to this Court:

> Beyond his review of the undisputed procedural history, this Court finds Applicant's testimony is not credible. Plea counsel's testimony is credible. Accordingly, this Court finds Applicant has failed to prove the first prong of the Strickland test – that counsel failed to render reasonably effective assistance under prevailing professional norms. This Court also finds Applicant has failed to prove the second prong of Strickland – that he was prejudiced by counsel's performance.
>
> The plea court advised him of the available of a suppression hearing, the Applicant affirmatively waived that opportunity. (Guilty plea transcript, p. 9 – 10). The Applicant's claim is that he would have pled if he knew the details of the suppression motion plea counsel had diligently prepared. The Applicant was not credible that he would not have pled guilty but would have gone to trial if he had known of the specifics of the suppression motion that plea counsel had prepared. This Court does find that plea counsel's performance was deficient for not better explaining the details of his prepared suppression motion so that the Applicant could factor those details into his decision to accept the plea, specifically that the climatology

19

data fully supported the Applicant's version of the facts. That fact is that the record and the credible testimony indicate that the Applicant was aware that he could attempt to challenge the search/stop via a suppression motion. In regards to any claim of prejudice, the Applicant has failed to demonstrate that he needed to be fully versed in the nuances of the suppression hearing to validate his waiver. A guilty plea must be an informed and intelligent decision. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). A guilty plea is valid if it represents a voluntary and intelligent choice among alternatives available to a defendant. Id. Before accepting a guilty plea, the trial court must give the defendant an adequate warning of the consequences of his plea, which should include an explanation of the defendant's waiver of his constitutional rights and a realistic picture of all sentencing possibilities. State v. Armstrong, 263 S.C. 594, 211 S.E.2d889 (1975). The plea court need not direct the defendant's attention to each and every constitutional right and obtain a separate waiver of each right if the record reveals an affirmative awareness of the consequences of the guilty plea. Roddy v. State, 339 S.C. 29, 528 S.E.2d 418 (2000); State v. Lambert, 266 S.C. 574, 225 S.E.2d 340 (1976).

Finally, this Court does not agree with the Applicant's assertion that the suppression motion would have been successful and he was prejudiced because it was not pursued. As the State argued, it is irrelevant that it was not dusk time or raining when the tag-light was inoperative. The fact is that the vehicle's operating lights were activated – and whenever they are activated (whether they are required to be on or not), the tag light "shall be so wired as to be lighted whenever the head lamps or auxiliary driving lamps are lighted." S.C. Code § 56-5-4530.

[App. 116–18.]

Upon review, the Court determines the PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* and *Hill* standards, which are the applicable Supreme Court precedents. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable

from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Thus, the Court concludes the PCR court's decision was not contrary to applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland*. For example, Petitioner acknowledged at his guilty plea hearing that he committed the crime and had the drugs on his person at the time of the stop and that he was pleading guilty freely and voluntarily because he was in fact guilty. [App. 14–15.] Petitioner also testified at the guilty plea hearing that he understood everyone was prepared to have a hearing to challenge the drugs that were taken from him and that he would have had the opportunity to have the judge make a ruling as to whether that evidence would be admissible at trial. [App. 9.] Moreover, the officer recited the facts of the stop at the guilty plea hearing, and Petitioner agreed with those facts, including that a bag of crack cocaine was found on Petitioner. [App. 12–14.] Finally, the PCR court found Petitioner's testimony that he would not have pled guilty but would have gone to trial if he had known of the specifics of the suppression motion was not credible.[12]  [App. 116.] Thus, the record supports the PCR court's determination that Petitioner failed to demonstrate either prong of the *Strickland* standard. Therefore, the Court concludes the PCR court's decision was not contrary to or an

---

[12]Petitioner is correct that the state court's conclusion regarding whether counsel was ineffective is not binding on this Court; however, the PCR court's determination with respect to credibility is entitled to deference. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them").

unreasonable application of applicable Supreme Court precedent, and Petitioner is not entitled to habeas corpus relief.

## CONCLUSION

Wherefore, based upon the foregoing, the Court recommends Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/ Jacquelyn D. Austin
United States Magistrate Judge

February 5, 2014
Greenville, South Carolina

22